Linda LADD, et al., Plaintiffs,

v.

Joyce THOMAS, Defendant.

No. Civ. 3:94CV1184(JBA).

United States District Court, D. Connecticut.

March 12, 1999.

Shelley A. White, Sheldon V. Toubman, New Haven Legal Assistance, New Haven, CT, for plaintiffs.

Peter L. Brown, Attorney General's Office, Hartford, CT, Richard J. Lynch, Judith A. Merrill, Attorney General's Office, Health & Human Services, Hartford, CT, for defendants.

### Ruling on Plaintiffs' Motion for Attorneys' Fees and Costs [DOC. # 69]

ARTERTON, District Judge.

Plaintiffs move for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) in the amount of $73,825.50. Federal law provides that "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ..." 42 U.S.C. § 1988(b).

In support of the motion for attorneys' fees, the plaintiffs have submitted an affidavit from Attorney Sheldon V. Toubman and two affidavits from Attorney Shelly A. White, the lead attorneys for the plaintiffs; contemporaneous time records; and an affidavit by Attorney Margaret Mason, a local attorney familiar with the prevailing rates for attorneys in the area. The plaintiffs claim compensation for 324.95 hours spent by Attorney Toubman, at a billing rate of $180, plus 6.95 hours of travel time at a billing rate of $90 per hour; 60.45 hours spent by Attorney White, at a billing rate of $200 per hour, plus 3.2 hours of travel time at a billing rate of $100 per hour; and costs for depositions in the amount of $2,299.

 In order to recover attorneys' fees under § 1988, the plaintiffs must be the "prevailing party". *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79

(1st Cir.1978)). The extent "of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Id.* at 440, 103 S.Ct. 1933.

■■■■ Once a district court "determines that a party has prevailed, it must calculate what constitutes a reasonable attorney's fee." *Grant v. Martinez,* 973 F.2d 96, 98 (2d Cir.1992). Under the governing "lodestar approach," the district court must multiply all reasonable hours expended by a reasonable hourly rate. *See Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 145 (2d Cir.1993); *Grant,* 973 F.2d at 99. Claimed hours determined to be excessive, redundant or otherwise unnecessary should be excluded from the lodestar calculation. *See Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir.1998). However, the district court should state as specifically as possible the reasons for eliminating hours from the lodestar calculation. *Id.* at 876. The defendant argues that the plaintiffs' motion should be denied, or substantially reduced, on the grounds that the plaintiffs' were only partially successful, plaintiffs' have failed to prove the reasonableness of the hourly rate, the number of hours claimed is unreasonable, and certain entries are vague and unsupported.

*Results Obtained*

In July 1994, the plaintiffs initiated this action to challenge certain of defendant's procedures for prior authorization of Medicaid coverage for durable medical equipment, pursuant to § 1983.

On September 30, 1996, the Court granted the plaintiffs' motion for class certification. On January 9, 1997, the Court granted in part, and denied in part cross-motions for summary judgment. In ruling on the cross-motions for summary judgment, the Court entered a declaratory judgment stating that:

1) defendant is in violation of federal law when she does not provide reasonably prompt notice to Medicaid benefi-

ciaries requesting prior authorization for DME that their requests have not been acted upon;

2) defendant is in violation of federal law when she does not provide notice to beneficiaries that a request for prior authorization has been approved in modified form; and

3) defendant is in violation of federal law when she does not provide notice to beneficiaries that a request for prior authorization has been denied orally.

Thereafter, the Court denied the plaintiff's request for a permanent injunction, but retained jurisdiction in the event that the Court's confidence in the defendant's ability to maintain compliance with the declaratory judgment was misplaced. The Court further amended the summary judgment ruling by establishing that 20 working days constitutes a reasonably prompt time frame within which the defendant must respond to requests for prior authorizations of durable medical equipment.

The defendant now argues that attorneys' fees accrued after the granting of the cross-motions for summary judgment should be denied because the plaintiffs did not prevail in their motion for permanent relief, and that attorneys' fees accrued before that time should be reduced by one-half, because the plaintiffs were only partially successful in their request for declaratory relief. Where the defendant sees the glass as half empty, the plaintiffs see the glass as half full, and contend that they achieved excellent results with this lawsuit and achieved significant benefits.

■■■■ Even where a plaintiff has been deemed the "prevailing party," a court may still adjust a fee upward or downward depending on the "results obtained." *See Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. Where a plaintiff presents distinctly different claims in a lawsuit, work on an unsuccessful and unrelated claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Id.* (cita-

tions omitted). However, where a plaintiff has obtained excellent results, the fee will normally encompass all hours reasonably expended on the litigation. "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 435, 103 S.Ct. 1933. "But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440, 103 S.Ct. 1933.

■ The defendant does not contest that the unsuccessful claims in this case were related to the successful claims, but rather argues that the plaintiffs only achieved partial success with regard to declaratory relief, and failed completely in their claim for permanent injunctive relief. The Court views the situation quite differently. In the Court's ruling on the cross-motions for summary judgment, the plaintiffs achieved the significant result of a declaratory judgment that several of defendant's policies were illegal. In response to the declaratory judgment, the defendant represented that she had modified her policies in several respects. In fact, it was precisely this responsive modification of policy that underlay the Court's decision to deny permanent injunctive relief. The Court views with irony the defendant's argument that plaintiffs should be denied fees related to their request for permanent relief because such relief was denied, where the very reason for declining to grant such relief was the Court's reliance on the defendant's good faith representation that she was acting, and would continue to act, in compliance with the declaratory judgment. If the consequences of the defendant's position on motion for permanent relief was to bolster the defendant's position on attorneys' fees, then the Court may have to take a more skeptical or conditioned view of the good faith that was asserted by the defendant.

Because the Court views the results obtained by plaintiffs in this case to be weighty and important, the Court declines to reduce the award on the basis that the hours expended were unreasonable in relation to the results obtained.

*Prevailing Market Rates*

■ The defendant next argues that the plaintiffs have failed to meet their burden of establishing the prevailing rates for attorneys of their experience in the community. In response, the plaintiffs have submitted the affidavit of Attorney Margaret Mason, a Connecticut attorney who is familiar with the prevailing rates for attorneys in the New Haven area. This affidavit supports the plaintiffs' assertion that their rates are well within the range of prevailing rates for attorneys of their education and experience.

The defendant also disputes that it is appropriate to use "prevailing" rather than "historic" rates in this litigation. In support of this position, the defendant cites *New York State Assoc. for Retarded Children v. Carey*, 711 F.2d 1136, 1153 (1983) and *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 146 (2d Cir.1993). Neither of these cases stand for the proposition that the Second Circuit has adopted a rule of using historic rates. Rather, both cases use historic rates where a significant delay in litigation and a dramatic and relatively sudden increase in hourly billing rates would have caused the prevailing attorneys to receive a significant windfall. In *New York State Assoc. for Retarded Children*, the litigation lasted eight years, while in *Saulpaugh*, the litigation spanned a similarly lengthy period. *Saulpaugh* and *New York State Assoc. for Retarded Children* do nothing to diminish the Court's discretion to assess the reasonableness of using a prevailing rate, but rather address the reasonableness of the rates used under the particular facts of those cases.

*Reasonableness of Hours Expended*

Defendant further argues that the plaintiffs' fee applications is lacking in its justification of the hours expended to achieve

the end result. Specifically, the defendant claims that the time records contain numerous vague and unspecified entries, as well as duplicative and excessive time entries. Particularly troubling to the defendant is that several law students and attorneys other than White and Toubman were involved in the litigation. The defendant deems this as substantial duplication of effort.

In response, the plaintiff has further redacted the time records, eliminating 9.7 hours of unsupported or vague entries that should have been eliminated initially. Attorney White further avers in her second affidavit that previous to filing the motion, she eliminated from the records 42 hours that were vague, unsubstantiated, or excessive. The plaintiffs also clarify in their reply that they do not seek compensation for the time spent on this case by any attorneys besides White and Toubman, or by any law student intern.

It would be certainly be an abuse of discretion if the Court were to reduce the plaintiffs' fee petition for hours that were never even included in the fee petition. While there very well may have been duplication of effort among the students and attorneys working on this case, the plaintiffs only claim the hours that Attorneys Toubman and White expended, thus eliminating any chance that fees are being requested for duplicated efforts. Contrary to defendant's assertion that the plaintiffs' attorneys made little attempt to use their resources efficiently, the use of unpaid law students to do research and writing that would otherwise have to be done by the attorneys themselves is a wise use of a free resource.

As for the defendant's contention that the time records contain unsupported or vague entries, the Court has examined the records as newly redacted by the plaintiffs and does not find that the remaining hours claimed are excessive or undocumented. Moreover, attorneys who exercise billing judgment by eliminating unsupported entries in connection with submission of their motion ought not be discouraged from doing so fully and adequately by a further judicial reduction that would leave them in a worse position than an attorney who fails to exercise billing judgment by such culling and thus overstates the hours claimed in a fee petition.

### Conclusion

This was a complicated and zealously litigated case, with both parties well-represented by able counsel. It has resulted in three lengthy rulings by the Court, granting the plaintiffs significant relief. Accordingly, the Court finds that the expenditure of counsel's time was reasonable in relation to the results achieved, and the hourly rate claimed is reasonable in light of the prevailing rates in the community, and the experience and performance of counsel.

Plaintiffs' Motion for Fees and Costs [doc. # 69] is GRANTED in the amount of $73,825.50.

IT IS SO ORDERED.